# Commonwealth v. Smith

C.P. of Delaware County, nos. 32-00 and 665-00.

*A. Sheldon Kovach,* for plaintiff.
*Denise W.L. McRae* and *Karl Baker,* for defendant.

JENKINS, *J.,* January 2, 2002—

## I. FACTS AND PROCEDURAL HISTORY

This is an appeal by the Commonwealth from an order entered by this court on June 28, 2001, declaring the "sexually violent predator" provisions of Megan's Law II unconstitutional. (No other provisions of the statute were challenged, and therefore no others were affected by the order.)

On September 15, 2000, Matthew Smith, appellee, entered a negotiated plea of guilty in case no. 32-00 to one count of indecent assault[1] and two counts of corrupting morals of children;[2] and entered a negotiated plea of guilty in case no. 665-00 to one count of involuntary deviate sexual intercourse.[3] The court ordered the appel-

1. 18 P.S. §3136.
2. 18 P.S. §6301.
3. 18 P.S. §3123.

lee to be assessed by the Sexual Offenders Assessment Board to determine whether the appellee should be classified as a sexually violent predator and thereby made subject to the notification and lifetime counseling requirements of the Registration of Sexual Offenders Act,[4] commonly known as "Megan's Law II," and referred to as the Act.

The board completed its assessment and issued a report that identified the appellee as a sexually violent predator. The Commonwealth filed a praecipe for a hearing on this issue, and on January 12, 2001, the appellee filed a motion for extraordinary relief that challenged the constitutionality of the Act. The court heard oral argument on the appellee's motion on January 29, 2001. An evidentiary hearing was held on January 30, 2001.

On June 29, 2001, the court entered an order that declared the "sexually violent predator" provisions of the Act unconstitutional.

On July 23, 2001, the appellee was sentenced in accordance with the terms of the negotiated plea agreement to an aggregate sentence of seven to 14 years.

On July 30, 2001, the Commonwealth filed a timely notice of appeal from the court's order of June 28, 2001, that declared the "sexually violent predator" provisions of Megan's Law II unconstitutional.

## II. DISCUSSION

This court has determined that the notification and lifetime counseling provisions of the Act constitute enhanced

---

4. 42 Pa.C.S. §9791 et seq.

punishment, and therefore that subjecting the appellee to these provisions upon determination that he is a sexually violent predator by clear and convincing proof, rather than by proof beyond a reasonable doubt, constitutes a violation of the appellee's right to due process of law.

Section 9792 of the Act defines "sexually violent predator" as "a person who has been convicted of a sexually violent offense as set forth in section 9795.1 (relating to registration)[5] and who is determined to be a sexually violent predator under section 9795.4 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses."

Section 9798 of the Act provides for public notification of the offender's status as a sexually violent predator. This notification includes (1) the distribution to his neighbors of a written notice containing the offender's name, home address and photograph, plus a statement that he has been judicially declared to be a sexually violent predator; (2) the distribution of this same notice to all public and private school systems, county children and youth service agencies, and licensed daycare, preschool and family daycare organizations located in the municipality in which the offender resides; (3) distribution of the notice to any college within a thousand feet of the offender's home; and (4) distribution of the above information to the general public, either upon request or by any "electronic means" that the state may choose.

It is important to note that while the Act provides for the foregoing mandatory notification, it contains no bar

---

5. The list of offenses set forth in section 9795.1 includes indecent assault and involuntary deviate sexual intercourse.

to any additional form or amount of notification. It is conceivable that public officials, many of whom enjoy a degree of civil immunity, could even more widely disseminate this information with impunity.

The Act also requires sexually violent predators to receive lifetime counseling at their own expense. The Act does not provide any means for the status of an offender as a sexually violent predator to be changed. The Act does not provide for subsequent judicial review upon just cause shown. An offender who has been made subject to the notification and lifetime counseling provisions remains subject to those provisions for the rest of his life.

This court adopts the reasoning of Montgomery County Common Pleas Judge Thomas M. Del Ricci in finding that the foregoing provisions, when taken as a whole, are not reasonably related to a non-punitive and legitimate legislative purpose, and therefore constitute enhanced punishment. *Commonwealth v. Breyer,* PICS case no. 01-2147 (Montgomery Cty. October 22, 2001) (en banc) Del Ricci, J. (Judge Del Ricci's opinion is hereby attached as appendix "A" [not published here]). As such, individuals subjected to these enhanced sentencing schemes are entitled to be judged by proof which exceeds the clear and convincing standard relative to the issues which justify imposition of the enhanced penalty. *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). For this reason, the sexually violent predator provisions of Megan's Law II were determined to be unconstitutional.

Finally, it should be noted that this court explicitly ruled that in light of the foregoing decision, all other claims for extraordinary relief were dismissed as moot.